IN THE UNITED STATES COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| In re:<br><br>RALPH DAVID BRINTON,<br><br>Petitioner. | **MEMORANDUM DECISION AND ORDER**<br><br>Case No. 2:17-cv-1105-DB<br>Judge Dee Benson<br><br>Bankruptcy Case No. 16-27945<br>Judge Joel T. Marker |

Before the Court is Petitioner Ralph David Brinton (Brinton)'s Motion to Withdraw Reference of Bankruptcy Case No. 16-27945. [Dkt. 2]. The United States Trustee, as well as Creditors James Wulfenstein, Wulfenstein Construction, Inc., and Wade Frey (collectively "the Wulfenstein Group"), filed objections to the motion. [Dkt. 8, 9, 12]. Brinton filed a response to the objections. [Dkt. 10]. A hearing was held before the Court on February 5, 2018 at which Brinton was represented by Paul Toscano. The United States Trustee was represented by Paul Kuhn and the Wulfenstein Group was represented by James Anderson. Having considered the parties' written and oral arguments and the relevant facts and the law, the Court hereby enters

this Memorandum Decision and Order.

## BACKGROUND

Brinton, acting *pro se*, filed a chapter 13 bankruptcy petition on September 8, 2016 (the petition date).[1] [Dkt. 2 ¶6]. He voluntarily filed the petition to prevent an imminent foreclosure on his home. [Dkt. 10 ¶2]. Brinton alleges that he was not aware of the debt limits set forth in 11 U.S.C. §109(e) which a petitioner must meet to qualify for bankruptcy protection under chapter 13. [Dkt. 2 ¶6]. It is undisputed that on the petition date, Brinton's debts exceeded the §109(e) limits. [*Id.*]

On December 7, 2016, the chapter 13 trustee filed a motion to dismiss or convert to chapter 7, alleging both excessive debts and bad faith on the part of Brinton. [Bankr.Dkt. 27]. Brinton did not file an objection to the chapter 13 trustee's motion. On January 4, 2017, a hearing was held before the bankruptcy court, at which Brinton did not appear. [Bankr.Dkt. 33]. The Bankruptcy Court found that Brinton had failed to disclose all of his creditors; that his "case was not filed in good faith;" and that cause existed under §1307(c) to convert his petition to a chapter 7 case. [Dkt. 3-5]. On January 5, 2017, the bankruptcy court entered its order converting Brinton's chapter 13 petition to one under chapter 7. [Bankr.Dkt. 35].

Brinton thereafter hired Paul Toscano as his bankruptcy counsel, who on August 28, 2017, filed a motion to dismiss for lack of jurisdiction. [Bankr.Dkt.107; Dkt. 2 ¶6]. The United

---

[1]This is the second Chapter 13 petition Brinton has filed since 2014. [See Dkt. 13]. He voluntarily dismissed his first petition pursuant to 11 U.S.C. §1307(b).

2

States Trustee and the Wulfenstein Group each filed objections to the motion. [Bankr.Dkt. 113 & 114]. A hearing was held on September 27, 2017. [Bankr.Dkt. 117]. The bankruptcy court found that 11 U.S.C. §109(e) is not a jurisdictional provision but rather one governing the eligibility of an individual to file a petition under chapter 13. [*Id.*] Accordingly, it ruled that while Brinton's petition failed to meet the requirements of chapter 13, it was sufficient to invoke the court's jurisdiction and reference under 28 U.S.C. §1334(b) and 28 U.S.C. §157(a) and (b) and therefore the conversion to a chapter 7 petition was proper. [*Id.*]

Brinton has now filed this motion seeking a ruling from this Court on whether or not the bankruptcy court had jurisdiction to convert his voluntary chapter 13 petition to an involuntary chapter 7 petition. Brinton contends this constitutes a question of first impression in this district.

**PROCEDURAL POSTURE**

An initial question is presented as to whether Brinton's argument should be fashioned as a motion to withdraw reference addressed directly to this Court as he has done, or whether he should have filed it as an appeal of the bankruptcy court's order denying his motion to dismiss. Brinton asserts that because his position is that this Court and the bankruptcy court lack jurisdiction over this matter, it would be inconsistent for him to file an appeal under 28 U.S.C. §158. Additionally, he contends that a motion before this Court is mandatory under 28 U.S.C. §157(d) because the issue presented requires consideration of both Title 11 and other laws allegedly affecting interstate commerce, specifically Title 28 U.S.C. §§157 (a) & (b), 1331 &

1334.

Title 28 U.S.C. §157(d) provides:

The district court may withdraw, in whole or in part, any case or proceeding referred under this section, on its own motion or on timely motion of any party, for cause shown. The district court shall, on timely motion of a party, so withdraw a proceeding if the court determines that resolution of the proceeding requires consideration of both title 11 and other laws of the United States regulating organizations or activities affecting interstate commerce.

For mandatory withdrawal of a matter, one must prove that its resolution requires a court's consideration of non-bankruptcy statutes that affect interstate commerce. The trustee argues that the non-bankruptcy statutes involved here are jurisdictional and not of the type contemplated in §157(d). Title 28, entitled "Judiciary and Judicial Procedure" governs the federal judicial system rather than being directed toward interstate commerce. The trustee also asserts that the Tenth Circuit Court of Appeals has consistently found that a court has the threshold jurisdiction to determine whether it has jurisdiction over a matter. Therefore, the trustee argues that the bankruptcy court can properly determine whether it has jurisdiction over the issue presented and it therefore need not be mandatorily withdrawn to this Court under §157(d).

Brinton alleges that even if withdrawal of the issue presented in this motion to this Court is not mandatory, it should be permitted because: (1) it raises a question of first impression that relates to this Court's authority over and reference of bankruptcy cases to the bankruptcy court; and (2) it seeks an order of dismissal without a discharge of Brinton's chapter 13 filing which will effect his position and rights going forward.

The Court agrees and finds that cause exists to permissively withdraw the issue pursuant

4

to §157(d) for consideration by this Court as a motion to withdraw the reference. However, whether the Court were to consider it as a motion or as an appeal, the result the Court reaches on the substantive issue presented is the same.

**JURISDICTION**

Brinton argues that the bankruptcy court improperly converted his voluntary chapter 13 petition to an involuntary chapter 7 petition under 11 U.S.C. §1307(c). Title 11 U.S.C. §1307(c) states that "[o]n request of a party in interest or the United States Trustee and after notice and a hearing, the court may convert a case under this chapter to a case under chapter 7 of this title . . . ." Brinton contends that the bankruptcy court lacked jurisdiction to do so here because his chapter 13 petition was never a proper filing due to the fact that on the petition date, his debts exceeded the limitations prescribed in 11 U.S.C. §109(e). Because he did not meet the §109(e) requirements, he lacked standing as a "debtor" under §109(e) to assert chapter 13 bankruptcy protection. Lacking standing, he was not in the position to be able to initiate a case over which the bankruptcy court had jurisdiction. Consequently, he argues that the bankruptcy court's conversion of his chapter 13 petition to chapter 7, without his express consent, was improper.

Title 11 U.S.C. §109(e) establishes the requirements for who may qualify for chapter 13 protection:

> Only an individual with regular income that owes, on the date of the filing of the petititon, noncontingent, liquidated, unsecured debts of less than $394,725 and noncontingent, liquidated, secured debts of less than $1,184,200, or an individual with regular income and such individual's spouse, except a stockbroker or a commodity broker, that owe, on the date of the filing of the petiion, noncontingent liquidated, unsecured debts that aggregate less than

5

$394,725 and noncontingent, liquidated, secured debts of less than $1,184,200 may be a debtor under chapter 13 of this title.

Brinton argues that §109(e) is a jurisdictional statute. He contends that Congress' intent is manifested by the fact that it did not use the term "debtor" at the beginning of the statute as the subject, rather as a predicate noun at the end.

The term "debtor" is defined in 11 U.S.C. § 101(13) as a "person or municipality concerning which a case under this title has been commenced." Brinton argues he could not be a debtor within the meaning of §101(13) because he exceeded the §109(e) debt limits for a chapter 13 petition filer. He therefore lacked standing as a debtor to file a chapter 13 petition. In the absence of standing, he argues, the court lacked jurisdiction under 28 U.S.C. §1334(a) and (b) and reference authority under 28 U.S.C. §157(a) and (b).

The trustee and the creditors disagree with Brinton's position. They argue that once a debtor files a case under Title 11, regardless of whether he selected a chapter for which he was ineligible, jurisdiction is established with the bankruptcy court in accordance with 28 U.S.C. §§1334 and 157, giving the bankruptcy court "the right and authority to administer the case in accordance with the Bankruptcy Code." *In re Tatsis*, 72 B.R. 908, 910 (Bankr. W.D.N.C. 1987).

While the Tenth Circuit Court of Appeals has not analyzed the specific issue of whether jurisdiction is conferred by §109(e), it has stated that §109(c), which outlines the requirements for an entity to be a debtor under chapter 9, is not jurisdictional. *In re Hamilton Creek Metropolitan District*, 143 F.3d 1381 (10th Cir. 1998)("[N]one of the §109(c) criteria is jurisdictional in nature.")(citing *Pormenade Nat'l Bank v. Philips (In re Philips)*, 844 F.2d 230,

235-36 & n.2 (5th Cir. 1988)); 2 Lawrence P. King et al., Collier on Bankruptcy ¶109.01[2] (1998)). The majority of courts which have addressed whether eligibility under §109(e) is jurisdictional have found that it is not. Rather, they have determined that the debt limitations define eligibility. See e.g. *General Lending Corp. v. Cancio*, 505 B.R. 63, 69-70 (S.D.Fla.), aff'd, 578 F.App'x 832 (11th Cir. 2014)(citing *Rudd v. Laughlin*, 866 F.2d 1040 (8th Cir. 1989)("Unlike the statute which grants diversity jurisdiction to district courts only when the required amount is in controversy, . . the statutes governing the authority of federal courts to hear bankruptcy cases do not limit jurisdiction according to amounts involved. Nor do we believe that 11 U.S.C. §109 is meant to restrict the jurisdiction granted under theses statutes"); *Promenade Nat'l Bank v. Phillips*, 844 F.2d 230, 235-36 n.2 (5th Cir. 1988)(rejecting jurisdictional argument based on § 109 and noting "far-reaching consequences" of linking subject matter jurisdiction to eligibility requirements); *In re Wenbert*, 94 B.R. 631, 635-37 (9th Cir.BAP 1988), aff'd, 902 F.2d 768 (9th Cir. 1990)(holding that eligibility under §109(e) was not jurisdictional)(citations omitted).

The Court agrees with the majority of courts which have ruled on this issue. Neither §109, in general, nor §109(e) specifically, contain the word" "jurisdiction" or any reference to bankruptcy jurisdictional provisions. Nor is there any other suggestion that the standards in this section are jurisdictional. A plain reading of §109(e) states that only an individual who meets the specific requirements of the statute may be considered a debtor under chapter 13. Other debtors may exist outside of these requirements, but in order to be considered a debtor within chapter 13, an individual must meet all of the requirements of §109(e). Where one does not meet those

requirements, he may still be a debtor, but not under chapter 13. Accordingly, the Court finds that §109(e) is a statute of eligibility, not jurisdiction.

Title 11 U.S.C. §301(a) provides that "[a] voluntary case under a chapter of this title is commenced by the filing with the bankruptcy court of a petition under such chapter by an entity that may be a debtor under such chapter."

When Brinton voluntarily filed his bankruptcy petition, he declared that he may be a debtor under chapter 13. In so doing, he voluntarily initiated a "case," pursuant to 11 U.S.C. §301(a). Jurisdiction was thereby established under 28 U.S.C. §1334 and 157 and the bankruptcy court had the right, pursuant to §1307(c), to convert his case to one under chapter 7.

## FAILURE TO APPEAR

The trustee filed a supplemental memorandum referencing Local Bankruptcy Rule 9073-1(j) which states, "[u]nless excused by the court, failure to appear at a hearing may be deemed either a waiver of the motion by the movant or a consent to the motion by the responding party." The trustee contends that because Brinton, after receiving notice, did not appear at the hearing before the bankruptcy court on the trustee's motion to dismiss or convert to chapter 7, he either waived his right to object to the conversion or consented to it. Based on a plain reading of LBR 9073-1(j), the Court agrees and finds that this is an additional basis upon which Brinton's motion should be denied.

## CONCLUSION

For the foregoing reasons, the Court hereby denies Brinton's Motion to Withdraw the Reference of Bankruptcy Case No. 16-27945.


IT IS SO ORDERED.


DATED this 14th day of February, 2018.

_____
Dee Benson
United States District Judge